UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH L. SULLIVAN,

    Plaintiff,

v.

R. R. DONNELLEY & SONS COMPANY,

    Defendant.

JUDGE CASTILLO

04C 3959

MAGISTRATE JUDGE NOLAN

Jury Trial Demanded

## COMPLAINT

NOW COMES Plaintiff, JOSEPH L. SULLIVAN ("Sullivan"), by his counsel, LAW OFFICE OF CHRISTOPHER J. CALLAHAN, complaining of Defendant, R.R. DONNELLEY & SONS COMPANY ("Donnelley"), and states as follows:

### PRELIMINARY STATEMENT

1.    This is an action seeking redress for the violation of federally protected rights guaranteed to Plaintiff Sullivan by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e et seq. Plaintiff Sullivan seeks damages to redress Defendant Donnelley's discriminatory and retaliatory employment practices.

## JURISDICTIONAL STATEMENT

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343(1),(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § § 2000e et seq. (Title VII).

3. Venue is proper under 28 U.S.C. § 1391 insofar as the events giving rise to the claim have occurred in the Northern District of Illinois, and the Defendant is subject to personal jurisdiction in the Northern District of Illinois.

## PARTIES

4. Plaintiff Sullivan is a United States citizen who resides in Chicago, Illinois.

5. Defendant Donnelley is a public company headquartered in the City of Chicago and recognized and sanctioned by the laws of the State of Illinois.

## PROCEDURE

6. Sullivan filed a Charge of Discrimination against Donnelley based on race [African-American] and retaliation with the Illinois Department of Human Rights and the U.S. Equal Opportunity Commission ("EEOC") on September 22, 2003. Exhibit A. The EEOC issued Sullivan a Dismissal and Notice of Rights on March 9, 2004 (Exhibit B) which was received by Sullivan on March 13, 2004. The Dismissal and Notice of Rights entitled Sullivan to institute a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Sullivan initiated this action within said ninety (90) day period.

## COMMON ALLEGATIONS

7. Sullivan began working for Donnelley in December, 1997 as a Support Technician.

8. During his employment with Donnelley, Sullivan was not offered various opportunities to better his employment that similarly situated white employees were offered. Sullivan was subject to more adverse terms and conditions of employment including being denied priority assignments as compared to similarly situated white employees

9. On or about January, 2003 Sullivan applied for and was denied a promotion by Donnelley to a supervisor position and to a Novell Administrator position.

10. On or abut May, 2003 Sullivan made a protected complaint with Donnelley's human resource department stating that he was being denied opportunities and discriminated against due to his race.

11. In August or September, 2003 Sullivan applied for a promotion to Lotus Notes Administrator. On September 15, 2003 Sullivan was denied the promotion by Donnelley.

12. On September 22, 2003 Sullivan filed a Charge of Discrimination against Donnelley based on race and retaliation with the Illinois Department of Human Rights and the U.S. Equal Opportunity Commission ("EEOC") Exhibit A.

13. On April 7, 2004 Sullivan's employment was terminated by Donnelley.

## COUNT I – TITLE VII – DISCRIMINATION

14. Sullivan incorporates paragraphs one (1) through thirteen (13) by reference as if fully set forth herein.

3

15. Sullivan performed to Donnelley's reasonable satisfaction at all relevant times.

16. Throughout his employment Sullivan was treated more adverse by Donnelley than similarly situated white employees. Such adverse treatment toward Sullivan was due to his race.

17. The actions of Donnelley, as set forth above, are in violation of Title VII, 42 U.S.C. § 2000e-2.

18. The actions of Donnelley were intentional and taken with the intent to punish and preclude Sullivan from exercising his federally protected rights under Title VII. At all relevant times Donnelley knew or should have know that its actions against Sullivan were in violation of Title VII, 42 U.S.C. § 2000e-2. As a result Sullivan is entitled to recover punitive damages.

### PRAYER FOR RELIEF – COUNT I

WHEREFORE, Plaintiff, JOSEPH L. SULLIVAN, prays for judgment against Defendant R. R. DONNELLEY COMPANY and respectfully requests that this Court enter judgment in his favor and against Donnelley as follows:

    a. for back pay from the point of his discharge;

    b. for front pay or reinstatement;

    c. for all other compensatory damages to which he may be entitled;

    d. for punitive damages in an amount not less than $250,000;

    e. for his reasonable attorney fees;

    f. for his costs of litigation;

4

g.   for such other relief the Court deems just and proper.

### COUNT II - TITLE VII – RETALIATION

19.   Sullivan incorporates paragraphs one (1) through eighteen (18) by reference as if fully set forth herein.

20.   Sullivan performed to Donnelley's reasonable satisfaction at all relevant times.

21.   On April 7, 2004 Donnelley terminated Sullivan's employment.

22.   The actions by Donnelley in discharging Sullivan were in retaliation for Sullivan exercising his rights under Title VII including filing a protected complaint with Donnelley's human resources department and filing the respective charges with the Equal Employment Opportunity Commission. As such the actions of Donnelley are in violation of Title VII, 42 U.S.C. § 2000e-3.

23.   The actions of Donnelley were intentional and taken with the intent to punish and preclude Sullivan from exercising his federally protected rights under Title VII. At all relevant times Donnelley knew or should have know that its actions in discharging Sullivan were in violation of Title VII, 42 U.S.C. § 2000e-3. As a result Sullivan is entitled to recover punitive damages.

### PRAYER FOR RELIEF – COUNT II

WHEREFORE, Plaintiff, JOSEPH L. SULLIVAN, prays for judgment against Defendant R. R. DONNELLEY & SONS COMPANY and respectfully requests that this Court enter judgment in his favor and against Donnelley as follows:

5

    a. for back pay from the point of his discharge;

    b. for front pay or reinstatement;

    c. for all other compensatory damages to which he may be entitled;

    d. for punitive damages in an amount not less than $250,000;

    e. for his reasonable attorney fees;

    f. for his costs of litigation;

    g. for such other relief the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff JOSEPH L. SULLIVAN requests a jury trial on all questions of fact raised in the complaint.

Respectfully submitted,
JOSEPH L. SULLIVAN

By: *[signature]*
Christopher J. Callahan,
Attorney for Plaintiff

Christopher J. Callahan, Esq.
Law Office of Christopher J. Callahan
Attorney for Plaintiff
1637 N. Hudson Ave., 2nd Floor
Chicago, Illinois 60614-5608
(312) 804-0495
Attorney No. 6228707

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>210-2003-35511 |
|---|---|---|

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Joseph L. Sullivan | Home Phone No. (Incl Area Code)<br>(708) 331-0280 | Date of Birth |
|---|---|---|

Street Address: 14519 Union, Harvey, IL 60426

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>R. R. DONNELLEY & SONS | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(312) 326-8000 |
|---|---|---|

Street Address: 77 W. Wacker Dr., Chicago, IL 60601

DISCRIMINATION BASED ON:
☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-01-1997  Latest: 09-22-2003
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I have been employed by the Respondent since December 1997 as a Support Technician. Since the beginning of my employment, I have been subjected to different terms and conditions of employment in that I have been denied priority assignments and work on the VIP floors. On or about January 2003, I was denied a promotion to a Supervisor position and to a Novell Administrator position. On or about May 2003, I made a protected complaint to Human Resources. On September 4, 2003, I was placed on a Performance Improvement Plan. On September 15, 2003, I was denied a promotion to a Lotus Notes Administrator.

I believe that I have been discriminated against on the basis of my race, Black, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
SEP 22 2003
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: Sep 22, 2003
Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 161 (10/96)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION     EXHIBIT B

## DISMISSAL AND NOTICE OF RIGHTS

To: Joseph L. Sullivan
14519 Union
Harvey, Illinois 60426

From: To: Birmingham District Office
Ridge Park Place
1130 - 22nd Street, South
Birmingham, AL 35205

[ ] *On behalf of person(s) aggrieved whose identity is*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 10 2003 35511 | Ron Lyas, Investigator | (205) 731-1059 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____     3/9/04
Bernice Williams-Kimbrough, District Director     *(Date Mailed)*

Enclosure(s)

c: Angela C. Pavlatos
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Chicago, Illinois 60601

JUDGE CASTILLO

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**04C 3959**

## Civil Cover Sheet  MAGISTRATE JUDGE NOLAN

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**DOCKETED JUN 1 4 200[?]**

| | |
|---|---|
| **Plaintiff(s):** Joseph L. Sullivan | **Defendant(s):** R.R. Donnelley & Sons Company |
| County of Residence: Cook County | County of Residence: Cook County |
| Plaintiff's Atty: Christopher J. Callahan<br>Law Office of Christopher J. Callahan<br>1637 N. Hudson Ave., 2nd Floor Chicago, IL 60614<br>312-804-0495 | Defendant's Atty: Angela C. Pavlatos<br>Vedder Price Kaufman & Kammholz<br>222 N. LaSalle St., Suite 2600 Chicago, IL 60601<br>312-609-7541 |

II. Basis of Jurisdiction:    **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties (Diversity Cases Only)
    Plaintiff:- **N/A**
    Defendant:- **N/A**

IV. Origin:    **1. Original Proceeding**

V. Nature of Suit:    **442 Employment**

VI. Cause of Action:    **42 U.S.C. Secs. 2000e et seq. Employment discrimination and retaliation in violation of Title VII of Civil Rights Act of 1964, as amended**

VII. Requested in Complaint
    Class Action: **No**
    Dollar Demand: **over $250,000**
    Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: _June 10, 2004_

If any of this information is incorrect, please go back to the Civil Cover Sheet input form using the Back button in your browser and change it.

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm        6/9/04

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

Joseph L. Sullivan, Pl.

v.

R.R. Donnelley + Sons Company, Def.

JUDGE CASTILLO
MAGISTRATE JUDGE NOLAN

Case Number: 04C 3959

DOCKETED JUN 14 20__

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

PLAINTIFF

**(A)**
- SIGNATURE: [signed]
- NAME: Christopher J. Callahan
- FIRM: Law Office of Christopher J. Callahan
- STREET ADDRESS: 1637 N. Hudson Ave., 2nd Fl.
- CITY/STATE/ZIP: Chicago IL 60614-5608
- TELEPHONE NUMBER: 312.804.0495
- FAX NUMBER: 312.751.0565
- E-MAIL ADDRESS: callahancj@aol.com
- IDENTIFICATION NUMBER: 6228707
- MEMBER OF TRIAL BAR? YES ☒ NO ☐
- TRIAL ATTORNEY? YES ☒ NO ☐

**(B)**, **(C)**, **(D)**: [blank]